UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>F. GONZALEZ, et al.,<br><br>Defendants. | No. 2:22-cv-1212-KJM-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2). Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) and is therefore granted. Determining that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

<center>Screening Standards</center>

In screening a pro se pleading, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

<center>1</center>

plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).


plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

<u>Screening Order</u>

Plaintiff purports to bring a Fourth Amendment unreasonable search claim and an Eighth Amendment excessive force claim based on the following allegations:  Plaintiff was assigned to the California Medical Facility Minimum Security Ranch.  ECF No. 1 at 5.  On June 18, 2021, five investigative services unit officers "physically grabbed" plaintiff.  *Id.*  Defendants knew plaintiff was "not subjected to any further level of supervision." *Id.*  Defendant Gonzalez "handcuffed plaintiff using excessive force that fractured plaintiff's left wrist and damaged his ulnar nerve." *Id.*  Defendants then "dragged" plaintiff to an officer for an "unclothed body search." *Id.*  Plaintiff asked defendants to loosen his handcuffs. *Id.*  Plaintiff was tightly handcuffed for five minutes. *Id.*

For purposes of the Fourth Amendment, searches of prisoners must be reasonable to be constitutional.  *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010).  "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application.  In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.  Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559, (1979)).  Here, the allegations are too vague and conclusory to show that the "unclothed body search" was unreasonable.

For an excessive force claim, plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the

1 amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any
2 efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The
3 Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from
4 constitutional recognition *de minimis* uses of physical force, provided that the use of force is not
5 of a sort repugnant to the conscience of mankind." (internal quotation marks and citations
6 omitted)).  As with the Fourth Amendment unreasonable search claim, the allegations as to the
7 excessive force care too vague and conclusory to establish the required elements for such a claim.
8 In any amended complaint, with these factors in mind, plaintiff should provide more factual
9 context to his claim.  For example, why did the defendants originally "grab" and handcuff him?
10 Did Gonzalez know, when applying the handcuffs, that they were excessively tight?  How did
11 plaintiff respond to being grabbed and handcuffed?  What was happening during the five minutes
12 that plaintiff remained handcuffed?  Further, if plaintiff wishes to pursue this claim against all
13 five officers, and not only against defendant Gonzalez, he must specifically allege how each
14 individual officer personally participated in the use of excessive force against him.

## Leave to Amend

16 Plaintiff will be granted leave to file an amended complaint if he can allege a cognizable
17 legal theory against a proper defendant and sufficient facts in support of that cognizable legal
18 theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must
19 afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).
20 Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set
21 forth the claims and allegations against each defendant.

22 Any amended complaint must not exceed the scope of this order and may not add new,
23 unrelated claims.  Further, any amended complaint must cure the deficiencies identified above
24 and also adhere to the following requirements:

25 Any amended complaint must identify as a defendant only persons who personally
26 participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
27 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
28 constitutional right if he does an act, participates in another's act or omits to perform an act he is

legally required to do that causes the alleged deprivation).  It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* Local Rule 110.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. The complaint is dismissed with leave to amend within 30 days.  Failure to comply with this order may result in a recommendation that this action be dismissed for the reasons stated herein.

Dated: November 2, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE