1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL AARON WITKIN,                          No. 2:22-cv-01212-KJM-EFB (PC)

12              Plaintiff,

13         v.                                        FINDINGS AND RECOMMENDATIONS

14    F. GONZALEZ, et al.,

15              Defendants.

16

17         Plaintiff is a former state prisoner proceeding without counsel in an action brought under

18    42 U.S.C. § 1983.  After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A (ECF

19    No. 7), plaintiff has filed an amended complaint (ECF No. 8), which the court must screen.[1]

20         As in the original complaint, plaintiff purports to bring a Fourth Amendment unreasonable

21    search and seizure claim and an Eighth Amendment excessive force claim.  ECF No. 8 at 3, 5.

22    The amended complaint alleges that in June of 2021, plaintiff was assigned to Minimum B

23    /////

24    /////

25         [1] Federal courts must engage in a preliminary screening of cases in which prisoners seek
26    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
      § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
27    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
      relief may be granted," or "seeks monetary relief from a defendant who is immune from such
28    relief."  *Id.* § 1915A(b).

                                                    1

1    Custody at the California Medical Facility (CMF) and was walking outdoors when defendant

2    correctional officers Gonzalez, Kahie, Gotu, and Hernandez pulled up in a sedan, got out of the

3    car, and grabbed him without "any reasonable suspicion[.]" *Id*. at 3-4.  Plaintiff alleges that

4    Gonzalez handcuffed him "with his left wrist handcuffed extremely and excessively tight . . . and

5    left him handcuffed for about five minutes. *Id.* at 4.  "The defendants repeatedly ignored

6    plaintiff's requests to loosen his left handcuff" while they performed an unclothed body search,

7    "despite plaintiff's loud screams of pain." *Id*. at 4-5.  Defendant Gonzalez allegedly told plaintiff

8    that, if he didn't struggle against the cuffs, it wouldn't hurt. *Id*.  Plaintiff sustained a left wrist

9    fracture with nerve damage, requiring a brace and physical therapy. *Id.*

10         In the prior screening order, the court found plaintiff's allegations too vague and

11    conclusory to show that the body search was unreasonable or to establish a claim for excessive

12    force.  ECF No. 7 at 2-3.  In the amended complaint, plaintiff provides more details about his

13    interaction with defendants during the five minutes he spent in handcuffs, but once again, the

14    allegations do not rise to the level of an Eighth Amendment violation.  *See Hudson v. McMillian*,

15    503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishment

16    necessarily excludes from constitutional recognition de minimis uses of physical force, provided

17    that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation

18    marks and citations omitted)).  Nor do plaintiff's revised allegations show that the body search

19    was unreasonable under the Fourth Amendment.  Accordingly, the amended complaint, like the

20    original complaint, fails to state a cognizable claim.

21         Despite notice of the deficiencies in the complaint and an opportunity to amend, plaintiff

22    is unable to state a claim upon which relief could be granted.  The court finds that further leave to

23    amend is not warranted.  *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997)

24    (denial of leave to amend appropriate where further amendment would be futile).

25    /////

26    /////

27    /////

28    /////

1    Accordingly, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 8) be

2  DISMISSED without leave to amend for failure to state a claim upon which relief could be

3  granted.

4    These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

10  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11

12  Dated: February 27, 2023.

       EDMUND F. BRENNAN
13     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28