UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN, | No.  2:22-cv-01212-KJM-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| F. GONZALEZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 28, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff timely filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court declines to adopt the findings and recommendations.

Plaintiff advances two claims in the amended complaint: an Eighth Amendment claim and a Fourth Amendment claim.  *See generally* First Am. Compl. (FAC), ECF No. 8.  The court takes these claims, as well as the findings and recommendations' analysis of the claims, in turn.

1

1      First, the magistrate judge recommends dismissing the Eighth Amendment claim for cruel

2 and unusual punishment, stating plaintiffs' allegations "do not rise to the level of an Eighth

3 Amendment violation." Findings & Recommendations at 2, ECF No. 9. Implicitly, the

4 magistrate judge finds the allegations state no more than a de minimis use of physical force,

5 which is excluded from constitutional prohibition. *See id.* (citing *Hudson v. McMillian*,

6 503 U.S. 1, 9–10 (1992)). An excessive force claim requires an ultimate showing that the officer

7 used malicious force to cause harm, rather than used force in a good-faith attempt to maintain

8 discipline. *See Hudson*, 503 U.S. at 6. Courts consider a variety of factors in making this

9 determination, including the need for physical force, perceived threat and efforts to reduce the

10 severity of the force. *See id.* at 7; *see also Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir.

11 2022) (providing five factors).

12      Here, plaintiff alleges the officers used more than a de minimis amount of force. He

13 alleges they handcuffed him with such force that they fractured his left wrist and damaged his

14 ulnar nerve, FAC ¶¶ 21, 32, even though less force was available, such as verbal persuasion or

15 orders, *id.* ¶ 25. Plaintiff alleges defendants dragged him while his left wrist was "crushed" by

16 the handcuffs and left him for "about 5 minutes." *Id.* Plaintiff further alleges defendants

17 "repeatedly ignored [his] requests to loosen his left handcuff." *Id.* Despite plaintiff's "loud

18 screams of pain," defendants refused to reduce the force used. *Id.* ¶ 27. Instead, defendants

19 "seemed like they were amused by plaintiff's apparent pain and injury." *Id.* ¶ 29. Plaintiff

20 ultimately "underwent extensive physical therapy to regain function in his left hand and wrist,"

21 *id.* ¶ 30, experienced severe pain and relied on painkillers, while losing six months of use of his

22 left wrist and hand, *id.* ¶ 31. These allegations plausibly plead more than a de minimis amount of

23 force. Plaintiff plausibly pleads defendants maliciously used unnecessary force in violation of the

24 Eighth Amendment. This claim may therefore proceed at this stage.

25      Second, the magistrate judge recommends dismissing plaintiff's Fourth Amendment claim

26 because it does not show "the body search" was unreasonable. Findings & Recommendations

27 at 2. The court agrees the complaint's allegations are insufficient to state a Fourth Amendment

28 claim, but does not agree that dismissal should be with prejudice, or with the findings and

recommendations' analysis. "Searches of prisoners must be reasonable to be constitutional." *See Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010) (citing *Michenfelder v. Sumner*, 860 F.2d 328, 331 (9th Cir. 1988)).  The reasonableness of a prisoner search under the Fourth Amendment is assessed by applying the *Bell v. Wolfish* balancing test.  *See* 441 U.S. 520, 559 (1979).  Courts consider the intrusion's scope, manner, justification and place.  *See Nunez*, 591 F.3d at 1227 (citing *Bell*, 441 U.S. at 559).  Here, plaintiff's amended complaint does not plausibly plead an unreasonable search.  Plaintiff's allegations about the search are mere legal conclusions.  *See, e.g.*, FAC ¶ 20 ("At the time the defendants did not possess any reasonable suspicion to perform an inspection of plaintiff's person . . . .").  Plaintiff offers no allegations about the scope and manner of the search itself, nor its justification, other than that it was "an unclothed body search."  *Id.* ¶ 21.  Plaintiff states he was walking "on the ranch facility," *id.* ¶ 18, and also that he was "on the dirt road located behind the ranch," *id.*  Whether plaintiff was on or off the facility's premises when defendants decided to search him could bear on the reasonableness of the search.  So too could the nature of the search itself.  The court finds plaintiff does not plausibly plead an unreasonable search.  Nevertheless, plaintiff could conceivably add allegations to support the claim, so the court **dismisses the claim with leave to amend**.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 28, 2023, are not adopted;

2. Plaintiff's Fourth Amendment claim in the amended complaint (ECF No. 8) is DISMISSED with leave to amend;

3. Plaintiff's Eighth Amendment claim in the amended complaint may proceed and may be included as currently pled in any amended complaint;

4. Any amended complaint must be filed within thirty days of the filing date of this order; and

5. This matter is referred back to the magistrate judge for all pretrial proceedings not inconsistent with this order.

DATED:  April 27, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE