UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN, | No. 2:22-cv-01212-KJM-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| F. GONZALEZ, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. On November 3, 2022, the undersigned granted plaintiff's request to proceed in forma pauperis (IFP). ECF No. 7. On September 14, 2023, the undersigned ordered service of the second amended complaint (SAC) on four defendants: F. Gonzalez, Kahie, Gotu, and Hernandez. ECF No. 23.

Before the court is defendants' September 11, 2023 motion to revoke plaintiff's IFP status and dismiss this action as malicious pursuant to 28 U.S.C. § 1915. ECF No. 22. Plaintiff has filed an opposition, and defendants have filed a reply. ECF Nos. 27 & 30. For the reasons set forth below, the undersigned will grant defendants' motion to revoke plaintiff's IFP status and recommend that this action be dismissed with prejudice.

1

I. Background

Plaintiff is a former state prisoner who was released from CDCR custody on July 6, 2022. ECF No. 22 at 15 (Couture Dec.) at ¶ 2. He commenced this action on July 11, 2022. ECF No. 1. In his motion to proceed IFP, filed the same day, plaintiff stated that he had been released on parole "as a transient." ECF No. 2 at 2. Plaintiff declared that he was not employed and had no income. *Id*. at 1.

On August 22, 2022, plaintiff filed a "Notice Regarding IFP status," stating in part:

> When plaintiff filed his application for IFP status he was paroled as a transient to the Sac-Natomas region, and has since been granted a pass to temporarily reside with his wife at the address captioned above. . . .
>
> On July 21, 2022, plaintiff agreed to settle [another pending case] for $3,000. It is not clear when plaintiff will receive those funds . . . but plaintiff informs the Court of that agreement so the Court can determine if it could impact his authorization to proceed IFP.

ECF No. 4. Plaintiff's application to proceed IFP was subsequently granted. ECF No. 7.

According to court records, plaintiff has filed 16 cases against CDCR defendants for alleged civil rights violations. ECF No. 22-3, Request for Judicial Notice (RJN) Exh. 1. In each case, he sought and obtained IFP status. RJN at 2-4.

Defendants point out that, in two prior cases before the undersigned, plaintiff's IFP status was revoked, and the case ultimately dismissed with prejudice, based on a finding that plaintiff had submitted false allegations of poverty in his IFP application. In *Witkin v. Sloan*, No. 2:16-cv-2950-JAM-EFB P (E.D. Cal.), the undersigned issued findings and recommendations on December 18, 2019, finding that, "rather than apprise the court of his true financial situation, [plaintiff] intentionally kept [settlement] funds out of his prison account (and off the court's radar) to improve his chances of obtaining IFP status." RJN Ex. 5 at 57. The undersigned further found that "[p]laintiff did not commit a minor misstatement or omission; he manipulated how he received substantial income in order to conceal it from the court. Accordingly, the case must be dismissed with prejudice." *Id*. The district judge adopted these findings and dismissed the action with prejudice on May 5, 2020. RJN Ex. 6 at 60.

Similarly, in *Witkin v. Lee*, 2:17-cv-232-JAM-EFB (E.D. Cal.), the undersigned found that

2

plaintiff "directed that . . . settlement proceeds . . . (an amount exceeding $5,500) be made over to his mother" and "settled another action for $1,200. Yet plaintiff mentioned neither settlement agreement in his IFP application." RJN Ex. 7 at 71. The undersigned again found that plaintiff "manipulated how he received substantial income in order to conceal it from the court" and recommended that the case be dismissed with prejudice. *Id*. The district judge adopted these findings and dismissed the action with prejudice on July 29, 2020. RJN Ex. 8 at 75.

## II. Motion to Revoke IFP and Dismiss

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. In forma pauperis status may be acquired and lost during the course of litigation. *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

### A. False Allegation of Poverty

Defendants seek revocation of plaintiff's IFP status and dismissal of the case with prejudice under 28 U.S.C. § 1915(e)(2)(A), which provides: "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue[.]"

Section 1915(e)(2)(A) regards procedures to be followed after an individual has applied for, and been granted, permission to proceed IFP under 28 U.S.C. § 1915(a). Section 1915(a) allows a person to proceed IFP after submitting to the court an affidavit that includes a statement of all of the person's assets and a statement that the person cannot pay the filing fee. In this district, plaintiffs generally seek IFP status by submitting a form application. E.D. Cal. Website, http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/ (last checked May 10, 2024). The form asks the applicant to list all income from the prior 12 months, any money in a bank account, and any other assets of value. The form concludes with the following declaration, above the applicant's signature: "I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims."

////

Defendants submit evidence that plaintiff was actually employed at the time he filed his "Notice Regarding IFP Status" on August 22, 2022, but did not reveal that fact to the court while his IFP motion was pending. In a declaration attached to defendants' motion, plaintiff's parole agent at the time of his July 6, 2022 release states that, on August 12, 2022, "[p]laintiff informed me that he was working for a temp agency and was in Petaluma, CA working for the Spanos Group." Couture Dec. at ¶ 8. On August 19, 2022, plaintiff reportedly informed his parole agent that "he was working for the Spanos Group doing general labor and earning $18.00 per hour." Couture Dec. at ¶ 11. Moreover, plaintiff's subsequent parole agent declares that, on September 20, 2022, both plaintiff and his wife confirmed that plaintiff "was working construction jobs." ECF No. 22 at 17 (Owyoung Dec.) at ¶ 3.

Defendants also submit evidence that plaintiff's wife, whom he moved in with after his release from prison, was employed; yet plaintiff failed to report her income in his IFP application. Parole Agent Couture declares that, on July 7, 2022, the day after plaintiff was released from prison, he married his fiancé, who was working at Chevron's corporate headquarters in San Ramon. Couture Dec. at ¶¶ 3, 5. In light of the marriage, plaintiff's residence was updated to his wife's Vallejo home on July 7, 2022, where he continued to live throughout the summer of 2022. Couture Dec. at ¶¶ 4, 6-10. However, plaintiff did not inform the court of his wife's income in his application to proceed IFP, signed July 7, 2022. *See* ECF No. 2. Nor did he report any change in financial status, as a result of moving in with her, in his purported "Notice Regarding IFP Status" filed August 22, 2022.

The court may consider information regarding a spouse's assets that the plaintiff may be entitled to access when determining whether plaintiff is able to pay the costs of the proceeding. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015); *see, e.g.*, *Lafavor v. Comm'r*, No. 1:23-cv-00745-ADA-CDB (SS), 2023 WL 3872172, at *1-2 (E.D. Cal. May 23, 2023) (finding that "plaintiff's household income," including spouse's salary, "does not suggest [she] is living in poverty," and denying motion to proceed in forma pauperis); *Trenton v. Experian*, No. 1:22-cv-00045-WJ-JHR, 2022 WL 741901, at *2 (D. N.M. March 11, 2022) (directing plaintiff "to file a supplement to his motion to proceed in forma pauperis which indicates whether Plaintiff has a

spouse and, if he has a spouse, describes the spouse's income, expenses, amount of money the spouse has in cash and bank accounts, and any reasons Plaintiff does not have access to his spouse's assets").

In his opposition to the motion, plaintiff confirms that, as of August 18, 2022, he was living with his wife. ECF No. 27 at 2. He does not deny that both were working at the time he filed the "Notice Regarding IFP Status" on August 22, 2002. In short, while plaintiff's notice purported to clarify his financial situation by mentioning a pending settlement payment, he failed to mention his wife's income; nor did he mention that he had found work since being released from prison. ECF No. 4. As in the two prior cases dismissed due to plaintiff's dishonesty in the IFP process, it appears that plaintiff once again concealed relevant information about his financial situation in order to avoid paying the filing fee for this action. For the reasons set forth in the two prior cases, this warrants dismissal.

### B. Malicious Filing

Alternatively, defendants argue that this action was filed for an improper purpose and should be dismissed under the IFP statute's provision requiring a court to dismiss a "malicious" action. 28 U.S.C. § 1915(e)(2)(B)(i). In a declaration attached to the motion, a CDCR custodian of records declares that plaintiff's inmate file includes a handwritten worksheet entitled "Smart Goal Planning." ECF No. 22-1 (Garcia Dec.), Ex. 1. An attached copy of the worksheet reads as follows (handwritten responses in italics):

> Describe the objective:
>
> *Bringing authorities to justice.*
>
> Make your goal detailed and SPECIFIC. What do I want to accomplish?
>
> *Complete the litigation of 20 federal lawsuits against CDCR.*
>
> Who will be involved/affected?
>
> *The perpetrators.*
>
> Where will it take place?
>
> *E.D. Cal. (federal courthouse)*

> . . .
>
> Write down your completed SMART goal.
>
> *Knock down CDCR for about $250,000.*
>
> What are 3 actions steps you will take to complete this objective?
>
> *1. Do what I do*
>
> . . .
>
> What are 3 possible setbacks to reaching your goal? What will you do about it?
>
> *1. Crooked judicial officers*

ECF No. 22-1 at 4-5. The worksheet is signed and dated January 17, 2021. *Id*. at 5.

In his opposition to the motion, plaintiff does not deny that he filled out the worksheet, nor that he has brought over two dozen federal lawsuits, including the instant case, in furtherance of his stated plan to "knock down CDCR for about $250,000." Defendants reasonably contend that this evidence shows that the instant lawsuit "is not an attempt to remedy a wrong, but an attempt to harm CDCR employees." ECF No. 22 at 12. *See* 28 U.S.C. § 1915(e) (a court shall dismiss a case at any time if the court determines that the action is frivolous or malicious); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("A case is malicious if it was filed with the intention to desire to harm another"); *see, e.g.*, *Jones v. South Carolina*, No. 3:02-0157-24BC, 2002 U.S. Dist. LEXIS 26994, at *3 (D. S.C. Sept. 17, 2002) (dismissing because prisoner's "history of repetitious and duplicative filings indicates intent to abuse the court and the in forma pauperis process"); *Green v. Jenkins*, 80 F.R.D. 686 (W.D. Mo. Nov. 27, 1978) (dismissing due to prisoner's "pattern of bad faith, abuse of judicial process, and maliciousness"). For this additional reason, pursuant to the IFP statute, dismissal is warranted.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to revoke plaintiff's in forma pauperis status is GRANTED; and
2. Plaintiff's in forma pauperis status is REVOKED.

IT IS FURTHER RECOMMENDED that the instant action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE